


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>AMERICAN COMPUTER AND DIGITAL COMPONENTS, INC.,<br><br>    Debtor. | Case No. LA 04-19259 TD<br><br>Adv. No. LA 04-02239 TD<br><br>Chapter 7 |
| RICHARD K. DIAMOND, Chapter 7 Trustee,<br><br>    Plaintiff.<br><br>    v.<br><br>R&R ELECTRONICS, INC., a Georgia corporation<br><br>    Defendant. | MEMORANDUM OF DECISION<br><br>DATE: July 25, 2005<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 1345 |

### INTRODUCTION

This adversary proceeding was brought by the Chapter 7 Trustee of American Computer and Digital Components, Inc. (ACDC), against R&R Electronics, Inc. (R&R), for money allegedly owed by R&R to ACDC. It was tried on July 25, 2005, pursuant to my trial setting order entered March 23, 2005, by written declaration. The plaintiff introduced the declaration of David R. Bell, a certified public accountant (CPA), of Brandlin and Associates, a forensic

accounting firm retained initially pre-petition by creditor Harris Bank to review ACDC's records, and later by the trustee, plaintiff herein, to evaluate ACDC's assets and liabilities. (Decl. of David R. Bell (Bell Decl.) ¶¶ 1, 4-5.) Prior to ACDC's bankruptcy filing, Mr. Bell worked at the business premises of ACDC, pursuant to a security agreement between Harris Bank and ACDC. Harris Bank was concerned about its multi-million dollar loan to ACDC. As a result, Harris Bank hired Brandlin and Associates, who then delegated Mr. Bell and others to investigate the business activities and financial records of ACDC. As a result, Mr. Bell spent 40-50 hours per week, for approximately four months, working at the business premises of ACDC. During that time, Mr. Bell interviewed ACDC officers and employees and had access to ACDC's accounting records and information, including ledgers, invoices, shipping documents, and records relating to ACDC's accounts receivable and accounts payable. Mr. Bell also performed a complete physical inventory of the contents of ACDC's warehouses.

Using the software and accounting records of ACDC, Mr. Bell generated an Accounts Receivable aging report (the A/R aging report). (Bell Decl. ¶ 7; Ex. 1.) As of March 31, 2004, this report reflects an outstanding balance of $3,335,414.30 due from R&R to ACDC. (Ex. 1.) Mr. Bell also photocopied from ACDC's files, and plaintiff introduced as evidence, ACDC's invoices to R&R. (Ex. 2.) As Mr. Bell's testimony established, including his responses to searching cross examination by the defendant, these invoices reflect charges for various types of computer hardware

shipped by ACDC and received by R&R. (Ex. 2.) The charges to R&R reflected in the invoices introduced by plaintiff total $2,308,404.48. (Bell Decl. ¶ 8.)

On the basis of his evidence, plaintiff requests a judgment against R&R in the aggregate amount of $3,335,414.30 plus pre- and post-judgment interest. Plaintiff asserts alternative theories in support of his request for judgment in the amount of $3,335,414.30. First, plaintiff asserts that the evidence supports a claim for goods sold and delivered. Alternatively, plaintiff asserts that the evidence supports a claim for an account stated.

Defendant R&R did not introduce any direct evidence but filed a brief declaration of Ranjeet Kirpilani, the CEO and principal of R&R. On plaintiff's motion, I struck Mr. Kirpilani's declaration. At trial, defendant attempted to call Mr. Kirpilani as a witness. Again on plaintiff's motion, I rejected defendant's request to call Mr. Kirpilani as a witness, for reasons announced on the record.

## DISCUSSION

### 1.  Mr. Bell's Qualification as an Expert Witness

Federal Rule of Evidence 702,[1] which governs the admissibility of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

---

[1] All references herein to rules are to the Federal Rules of Evidence.

3

training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Mr. Bell's testimony draws upon his "technical" knowledge as a CPA, as well as his "other specialized" knowledge, gained through years of experience in the accounting field and during the course of his investigation of ACDC's assets and liabilities. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-48 (1999) (noting frequent overlap between "scientific," "technical," and "other specialized" knowledge, and holding that the same standard governs the admissibility of each type). Mr. Bell's knowledge is helpful in determining a fact in issue, namely, whether ACDC sold and delivered goods to R&R. Mr. Bell is a licensed CPA, with approximately 12 years of training and on-the-job experience as an accountant. He has been employed by Brandlin and Associates, a forensic accounting firm, for approximately two years. Over the past 12 years, Mr. Bell has conducted numerous audits of public and private companies. As a result, he has extensive experience interviewing business employees and reviewing and analyzing the books and records of businesses under audit or other examination. I conclude from his testimony and demeanor that Mr. Bell's knowledge, skill, experience, training, and education qualify him to testify as an expert in this case within the scope of Rule 702.

Mr. Bell's testimony is based upon sufficient data. His testimony is the product of reliable principles and methods. He has applied those principles and methods reliably to the facts of this case, as required by Rule 702. Mr. Bell based his testimony on his four month on-site investigation of ACDC's personnel, assets, liabilities, and business records and practices, during the course of which Mr. Bell discovered documents such as the invoices introduced by plaintiff. The invoices appear to have been ordinary business records of ACDC prepared in accordance with the requirements of Rule 803(6). I find that Mr. Bell's testimony is the product of the principles and methods used by accountants in performing forensic accounting work,[2] and that Mr. Bell has reliably applied those principles and methods to this case. For these reasons, I find that plaintiff has established, by a preponderance of the evidence, that Mr. Bell is qualified to give expert testimony in this matter. Rule 104(a); Rule 702; see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 593 n.10 (1993). Additionally, I find that there is no basis to exclude Mr. Bell's testimony under Rule 403.

---

[2]Although Mr. Bell does not have the formal title of "forensic accountant," his knowledge and experience qualify him to testify on "forensic accounting" matters. See Hon. Barry Russell, Bankr. Evid. Manual § 702.2 (West 2005 ed.) (specific degrees or certificates not required to qualify witness as expert).

5

## 2. Admissibility of the Invoices into Evidence

I also find that the ACDC invoices introduced by plaintiff are admissible pursuant to the "residual exception" to the hearsay rule found in Rule 807. The invoices were offered as evidence of a "material fact," namely, that R&R purchased and took delivery of goods from ACDC. Rule 807. The invoices are "more probative on [that point] than any other evidence which [plaintiff] can procure through reasonable efforts." Rule 807. In my experience, it is rare for a bankruptcy trustee in cases involving a failed business to produce evidence more probative than invoices, prepared and maintained apparently in the ordinary course of business by the debtor, evidencing sales to an account debtor such as R&R. It would not make sense to me to exclude such documentary evidence here. It appears to be the best evidence the trustee reasonably could have procured. It also appears to be trustworthy evidence, properly prepared and authenticated to the extent possible under the circumstances. The "interests of justice," and the "general purposes" of the Rules of Evidence, are best served here by admission of the invoices into evidence. Rule 807. Therefore, I find that the invoices, while not specifically covered by the hearsay exceptions set forth in Rule 803, have "equivalent circumstantial guarantees of trustworthiness" and should be admitted into evidence.[3] Rule 807; see Rule 803(6).

---

[3]Because I do not find any liability based on the A/R aging report, I do not discuss its admissibility into evidence.

### 3. Plaintiff's Claim for Account Stated

"An account stated is a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due the creditor. A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent. The account stated does not itself discharge any duty but is an admission by each party of the facts asserted and a promise by the debtor to pay according to its terms." Restatement (Second) of Contracts § 282. The parties' assent may be either express or implied. Id.

In this case, the invoices, which date from December 26, 2003, to January 12, 2004, show that ACDC and R&R transacted business with each other over a period of at least several weeks. (Ex. 2.) ACDC documented these transactions carefully and in detail. R&R's outstanding balance purportedly is reflected in the A/R aging report. (Ex. 1.)

Unfortunately for plaintiff, neither the A/R aging report itself nor any other evidence introduced by the plaintiff establishes any agreement between ACDC and R&R with respect to the account balance of $3,335,414.30 as stated in the A/R aging report. Even if the A/R aging report reflects an accurate statement of ACDC's or Mr. Bell's calculation of the amount due, there is no evidence that R&R ever saw such a statement prior to the filing of the Bell declaration for this trial. Plaintiff's evidence fails to establish R&R's express or implied agreement to the account balance stated by the A/R aging report.

Compare California Bean Growers Assn. v. Williams, 82 Cal. App. 434, 442-43 (1927) (debtor's failure to object within a reasonable time to a statement rendered by the creditor gave rise to claim for account stated). For this reason the plaintiff's evidence is insufficient to support his claim for an account stated in the amount of $3,335,414.30 or in any amount.

Under the circumstances, it is unnecessary to discuss whether Brandlin and Associates was authorized to generate the A/R aging report or the sufficiency of the report itself.

**4.   Plaintiff's Claim for Goods Sold and Delivered**

R&R's liability for failure to pay for computer hardware sold and delivered is determined under the Uniform Commercial Code, since computer hardware qualifies as "goods." See Cal. UCC § 2105. The UCC provides that if a buyer accepts goods from a seller and fails to pay for the goods, the seller may sue for the contract price. Cal. UCC § 2709. The evidence must show that the buyer requested delivery of certain goods, that the buyer agreed to pay a stated price for the goods, that the seller furnished the goods with the buyer's knowledge and consent, and that the buyer failed to pay the stated price. Daniger v. Hunter, 114 Cal. App. 2d 796, 798 (1952); see Am. Jur. Sales § 1028.

I find that the invoices introduced by plaintiff establish that ACDC furnished the goods reflected in the invoices at R&R's request and with R&R's knowledge and consent. Each invoice states that certain goods were shipped from ACDC to R&R "via truck." The quantities and prices of the goods, as well as the dates of

shipment by ACDC, are clearly stated on each invoice. Each invoice bears a "Received" stamp, which is initialed and dated some days after the shipment of the goods. I am persuaded by Mr. Bell's testimony, where he stated at trial, "The 'Received' date on the stamp is subsequent to the invoice date, so that is a good indication that the goods were received [by R&R] subsequent to the generation of the invoice."

The invoices also establish that R&R agreed to pay the price as stated on the invoices. There is no evidence that R&R has paid for any of the goods delivered, and defendant does not assert that any such payment occurred. In the end, the plaintiff's evidence is uncontradicted by any evidence from R&R. Accordingly, I find R&R liable for the charges reflected in the invoices, for computer hardware sold and delivered by ACDC to R&R, in the total amount of $2,308,404.48.

### 5.   Plaintiff is Entitled to Pre-Judgment Interest

"If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligations shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code Ann. § 3289 (West 2004). Plaintiff requests an award of pre-judgment interest at the rate of 10 percent from August 4, 2004 (the date the complaint was filed), to the date of entry of judgment. Accordingly, I hereby award interest to the plaintiff at the rate of 10 percent per year on the total sum of the invoices, $2,308,404.48. On this basis, the interest allowable is

$632.44 per day.[4]  362 days have elapsed from August 4, 2004 until August 1, 2005. Accordingly, plaintiff is entitled to $228,943.28 in pre-judgment interest.[5]

**6.   Conclusion**

The invoices in Plaintiff's Exhibit 2 establish R&R's liability in the total principal sum of $2,308,404.48. Plaintiff is also entitled to pre-judgment interest of $632.44 per day, from August 4, 2004, until the date judgment is entered by this court. Accordingly, the plaintiff is entitled to pre-judgment interest in the amount of $228,943.28. A separate judgment will be entered based on the foregoing in favor of plaintiff and against R&R Electronics, Inc.

SO ORDERED.

DATED: August 1, 2005

*[signature]*

THOMAS B. DONOVAN
United States Bankruptcy Judge

---

[4]($2,308,404.48 x .10) ÷ 365 = $632.44

[5]$632.44 x 362 = $228,943.28

10

NOTICE OF ENTRY OF JUDGMENT OR ORDER
AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

1. You are hereby notified that a judgment or order entitled:

**MEMORANDUM OF DECISION**

was entered on ___8/2/05___.

2. I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on ___8/3/05___.

Plaintiff
Chapter 7 Trustee
Richard K. Diamond
Danning, Gill, Diamond &
Kollitz, LLP
2029 Century Park East,
Third Floor
Los Angeles, CA 90067-2904

Attorneys for Plaintiff
Richard D. Burstein
Kim Tung
Danning, Gill, Diamond &
Kollitz, LLP
2029 Century Park East,
Third Floor
Los Angeles, CA 90067-2904

Attorney for Defendant
Michael J. La Cilento
Law Offices of Michael J. La Cilento
1101 California Ave.,
Suite #100
Corona, CA 92881

Attorney for Debtor
Robert P. Goe
Goe & Forsythe LLP
660 Newport Center Dr., #320
Newport Beach, CA 92660

United States Trustee
Office of the U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa St.,
26th Floor
Los Angeles, CA 90017

Dated: 8/3/05

_____
Clerk

11